Joseph A. Gavagan, J.
Submission of controversy between insurers on an agreed statement of facts.
On November 17, 1958, the plaintiff, Rosenbaum, insured under an automobile policy issued by Cosmopolitan, drove his truck to Pier 52, North River, to deliver some merchandise to the receiving office. The facilities at this- pier were operated, maintained and controlled by the defendant, Baltimore & Ohio Railroad Company (hereinafter called ‘‘ B & 0 ”). In the course of unloading his truck, Rosenbaum sustained personal injuries for which he instituted suit in the City Court (now Civil Court of the City of New York), New York County, against B & 0, who thereupon impleaded Cosmopolitan claiming indemnification as an additional insured party under Rosenbaum’s policy. Cosmopolitan now brings the present action against B & 0 and its carrier, Maryland Casualty Company, for a declaratory judgment. Paragraph 111 of Rosenbaum’s policy, Definition of Insured, reads in part as follows: ‘ ‘ With respect to the insurance for bodily injury liability * * * the unqualified word ‘ insured ’ includes the named insured * * * using the automobile ”.
In support of its position Cosmopolitan urges several points : (1) That B & O’s claim that it is an additional insured under the policy is untenable because Rosenbaum’s accident did not occur while loading or unloading within the meaning of the policy in question. (2) Rosenbaum’s policy contains no clause including 1 ‘ loading or unloading ”. As to the first point, on the agreed statement of facts, it is conceded that Rosenbaum’s accident happened in the process of taking off the carton. As to the second point, our courts favor broad construction of the omnibus clause in policies as to “ loading and unloading ” in commercial pickups and deliveries. In Wagman v. American Fid. & Cas. Co. (304 N. Y. 490, 494) the Court of Appeals held: “ that 1 loading and unloading ’ embrace not only the immediate transference of the goods to or from the vehicle, but the @ complete operation ’ of transporting the goods between the vehicle and the place from or to which they are being delivered”. As Mr. Justice Cohkoy stated: “ The instant policy does not define the word ‘ use ’ ”. Therefore, while it does not specifically include loading and unloading as an authorized use, neither does it specifically exclude loading and unloading as an authorized use. This court finds such activities are a proper use of this vehicle (D’Aquilla Bros. Contr. Co. v. Hartford Acc. & Ind. Co., 22 Misc *221 2d 733, 735). This contract having been drawn by Cosmopolitan any ambiguity is resolved against it.
Accordingly, the plaintiffs ’ prayer for a declaratory judgment is denied and the prayer by the defendants for a declaratory judgment is granted.